## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEONTAE TRAVOHN DAVIS,

      Petitioner,                          Civil No. 2:14-CV-11015
                                          HONORABLE SEAN F. COX
v.                                   UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Deontae Travohn Davis, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for conspiracy to commit first-degree murder, Mich. Comp. Laws,§§ 750.157a; 750.316; seven counts of attempted murder, Mich. Comp. Laws, § 750.91; one count of placing offensive or injurious substances in or near real or personal property, Mich. Comp. Laws, § 750.209(1)(b); one count of conspiracy to commit arson of a dwelling house, Mich. Comp. Laws, §§ 750.157a; 750.72; and one count of arson of a dwelling house, Mich. Comp. Laws, § 750.72. Petitioner has also filed a motion hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to

1

permit petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Saginaw County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Davis,* No. 290131 (Mich.Ct.App. June 22, 2010). The Michigan Supreme Court remanded the case to the Michigan Court of Appeals for consideration of an issue raised by petitioner but not addressed in that court's opinion, namely, whether the circuit court erroneously allowed the statement of petitioner's co-defendant to be introduced into evidence through the preliminary examination testimony of another witness. *People v. Davis*, 488 Mich. 946, 790 N.W. 2d 401 (2010). On remand, the Michigan Court of Appeals again affirmed petitioner's conviction. *People v. Davis,* No. 290131 (Mich.Ct.App. March 17, 2011)(On Remand). The Michigan Supreme Court subsequently denied petitioner leave to appeal. *People v. Davis*, 489 Mich. 993, 800 N.W.2d 78 (2011).

Petitioner subsequently filed a motion for relief from judgment, which was denied by the trial court. The Michigan appellate courts denied petitioner leave to appeal. *People v. Davis*, No. 314940 (Mich.Ct.App. September 6, 2013); *lv. den.*----Mich.----; 840 N.W.2d 361 (2013).

On March 3, 2014, petitioner filed this application for writ of habeas corpus. [1]

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on March 3, 2014, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

Petitioner seeks habeas relief on the grounds that he raised in the state courts on his direct appeal and his post-conviction motion for relief from judgment.

Petitioner has also filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to file a second motion for relief from judgment to raise claims that have not been exhausted with the state courts.

## II. Discussion

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002)(Lawson, J.); *Hudson v. Martin,* 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(Tarnow, J.). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk,* 299 F. 3d at 83); *Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008)(Tarnow, J.); *Williams v. Trombley,* No. 2006 WL 36755, * 2 (E.D. Mich. January 4, 2006)(Roberts,

J.); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

The Court is aware that the petitioner has already filed one motion for relief from judgment. Pursuant to MC.R. 6.502(G)(1), a criminal defendant in Michigan can typically

4

file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)).  However, MC.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.  Petitioner alleges in his motion that he has newly discovered evidence that his co-defendant committed perjury that he seeks to present in support of the claims that he is wishes to raise in a second motion for relief from judgment. Because there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to petitioner filing such a second motion is not clearly applicable, therefore, this Court should grant petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in his second motion for relief from judgment with the state courts. *See Banks,* 149 Fed. Appx. at 419-20.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721*; See also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Saginaw County Circuit Court under M.C.R. 6.502. *See Wagner,* 581 F. 3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will

hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within ninety days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: March 28, 2014                    S/ Sean F. Cox
                                         Sean F. Cox
                                         U. S. District Court Judge

I hereby certify that on March 28, 2014, the foregoing document was served upon counsel

7

of record by electronic means and upon Deontae Davis by First Class Mail at the address below:

Deontae Davis
584827
CHIPPEWA CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784


Dated:  March 28, 2014                    S/ J. McCoy_____
                                          Case Manager

8