UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAE TRAVOHN DAVIS,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent,
_____/

Civil No. 2:14-CV-11015
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING AS MOOT THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL [Dkt. # 21] AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION TO PROCEED *IN FORMA PAUPERIS* [Dkt. # 24] AND THE MOTION FOR THE APPOINTMENT OF COUNSEL [Dkt. # 25] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On August 23, 2017, this Court denied petitioner's application for a writ of habeas corpus and denied him a certificate of appealability and leave to appeal *in forma pauperis.*

Petitioner has filed a motion for an extension of time to file a notice of appeal, which is DENIED AS MOOT. The Court orders the Clerk of the Court to transfer petitioner's motion to proceed *in forma pauperis* on appeal and the motion for the appointment of appellate counsel to the United States Court of Appeals for the Sixth Circuit.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

A motion for an extension of time that is filed within the time period for filing a notice of

1

appeal can be construed to be a notice of appeal where it specifies the party taking the appeal and the judgment being appealed. See *United States v. Gulley*, 29 F. App'x. 228, 230 (6th Cir. 2002); *See also United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977)("where a document is filed within the [deadline] which represents a clear assertion of an intent to appeal, courts of appeals have the power to overlook irregularities where fairness and justice so require."). The Court believes that petitioner's motion for an extension of time to file a notice of appeal should be construed as a timely filed notice of appeal, because it evinces an intent by petitioner to file an appeal and contains the essential information needed to process the appeal.

Petitioner filed his notice of appeal [1] along with his motion to extend time to appeal on September 21, 2017, which was within 30 days of the Court's judgment. In light of the fact that petitioner's notice of appeal was timely filed, his motion for an extension of time to file an appeal is moot. *See Steele v. Supreme Court of U.S.,* 255 F. App'x. 534 (C.A.D.C. 2007).

The Court orders the Clerk of the Court to transfer petitioner's remaining motions to the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); See also *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion for the appointment of appellate counsel and to proceed *in forma pauperis* on appeal would be more

---

[1] See Dkt. # 22.

appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. (1984).

## **ORDER**

Based upon the foregoing, **IT IS ORDERED** that:

(1) The motion for the extension of time to file an appeal [Dkt. 21] is **DENIED AS BEING MOOT.**

(2) The Clerk of the Court shall Petitioner's Motion to Proceed *In Forma Pauperis* [Dkt. # 24] and the Motion for the Appointment of Counsel [Dkt. # 25] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.


Dated: October 23, 2017
s/Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on October 23, 2017, the foregoing document was served on counsel of record via electronic means and upon Deontae Davis via First Class mail at the address below:

DEONTAE DAVIS 584827
KINROSS CORRECTIONAL FACILITY
4533 W. INDUSTRIAL PARK DRIVE
KINCHELOE, MI 49786

s/J. McCoy
Case Manager